**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

ROBERT JAMES BLY                                                                                    PLAINTIFF
ADC #150440

V.                                              NO: 2:12CV00058 HDY

ALBERT KITTRELL *et al.*                                                                            DEFENDANTS

## ORDER

Plaintiff Robert Jams Bly, currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), on March 30, 2012, alleging inadequate medical care. On June 6, 2012, Defendant Albert Kittrell filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #15-#17).[1] Plaintiff filed a response on July 16, 2012 (docket entry #22).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*,

---

[1] The ADC was also a Defendant, but Plaintiff's claims against it were dismissed with prejudice on May 8, 2012 (docket entry #9).

477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

In his complaint, Plaintiff asserts that Kittrell on March 13, 20102, discontinued his psychiatric medication which he had taken for more than 10 years, and that he now cannot sleep, eat properly, or focus. Kittrell asserts that he is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of his motion, Kittrell has provided the declaration of Sherrie Williams, the ADC's medical grievance investigator. According to Williams, Plaintiff lodged only one grievance, EA-12-483, from March 29, 2009, to March 30, 2012, but did not appeal that grievance to the Deputy Director, which is required to fully exhaust a grievance under ADC policy (docket entries #15-1 & #15-2). In response, Plaintiff asserts that grievance EA-12-483 was exhausted because it was found to be with merit. Plaintiff provided a copy of the grievance document with his complaint

2

and a copy of the response to his unit level grievance as exhibit 1 of docket entry #21. According to the unit level grievance response Plaintiff submitted, Kittrell discontinued Plaintiff's Bupropion, and Plaintiff is now prescribed Celexa in its place. The grievance was found to be with merit due to some missed or undocumented medication doses. Nothing in the grievance response indicates that Plaintiff's medication should be changed back to Bupropion. Although Plaintiff may have believed that his grievance was successful, when he realized that he was not being returned to his prior medication, he could at that point have appealed the unit level response to the Deputy Director, or initiated a new grievance regarding the medication change.[2] Because Plaintiff failed to do either, proper exhaustion was not achieved under ADC policy.[3] The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Because it is clear that Plaintiff did not properly exhaust his administrative remedies pursuant to the ADC's grievance procedure, Kittrell is entitled to summary judgment.[4]

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.  Defendant Albert Kittrell's motion for summary judgment (docket entry #15) is GRANTED.

2.  Plaintiff's complaint is DISMISSED WITH PREJUDICE with respect to his claims

---

[2] According to ADC policy, Plaintiff had five working days to appeal the unit level decision (docket entry #15-1, page #11).

[3] If Plaintiff is dissatisfied with his prescribed medication or medical care, he may still initiate a grievance regarding the issue.

[4] Even if the unit level response constituted proper exhaustion, that response was dated April 23, 2012, almost a month after Plaintiff filed his lawsuit, and therefore would not satisfy the PLRA's exhaustion requirements.

against the Arkansas Department of Correction, and WITHOUT PREJUDICE with respect to his claims against Albert Kittrell.

3. All other pending motions are DENIED AS MOOT.

4. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   17   day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE